UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| STARLA W., | |
| Plaintiff, | Case No. C20-5689-MLP |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

## I.     INTRODUCTION

Plaintiff seeks review of the denial of her application for a Period of Disability, Disability Insurance Benefits, and Supplemental Security Income. Plaintiff contends the administrative law judge ("ALJ") erred by improperly evaluating the medical opinion of Gary Gaffield, D.O. (Dkt. # 22.) As discussed below, the Court AFFIRMS the Commissioner's final decision and DISMISSES the case with prejudice.

## II.     BACKGROUND

Plaintiff was born in 1961, has at least a high school education, and previously worked as a job coach and file clerk. AR at 28. Plaintiff applied for benefits on May 6, 2016 alleging an onset date of January 7, 2009, later amending the alleged onset date of her disability to July 22, 2016. *Id.* at 16. Plaintiff's application was denied initially and on reconsideration. The ALJ held

ORDER - 1

a hearing in February 2019, taking testimony from Plaintiff and a vocational expert. *See id.* at 58-78. In April 2019, the ALJ issued a decision finding Plaintiff not disabled. *Id.* at 13-35. In relevant part, the ALJ found Plaintiff's severe impairments of major depressive disorder, generalized anxiety disorder, posttraumatic stress disorder, mild degenerative disc disease at L5-S1, and obesity limited her medium work subject to a series of further limitations. *Id.* at 19, 21. Based on vocational expert testimony, the ALJ found Plaintiff could perform jobs existing in significant numbers in the national economy. *Id.* at 28-29. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision. *Id.* at 1-7. Plaintiff appealed this final decision of the Commissioner to this Court. (Dkt. # 4.)

### III.   LEGAL STANDARDS

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). As a general principle, an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (cited sources omitted). The Court looks to "the record as a whole to determine whether the error alters the outcome of the case." *Id.*

"Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may

neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

## IV.   DISCUSSION

### A.   The ALJ Did Not Err in Evaluating the Medical Evidence

A treating doctor's opinion is generally entitled to greater weight than an examining doctor's opinion, and an examining doctor's opinion is entitled to greater weight than a non-examining doctor's opinion. *Garrison v. Colvin*, 759 F.3d 995, 1012 (9th Cir. 2014). An ALJ may only reject the contradicted opinion of a treating doctor by giving "specific and legitimate" reasons. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017).[1]

#### 1.   Gary Gaffield, D.O.

Dr. Gaffield examined Plaintiff on May 4, 2017, and opined Plaintiff could walk or stand "[n]ot more than six out of eight [hours] limited by the condition of the left ankle complicated by her morbid obesity"; lift "[n]ot more than 50 pounds occasionally or 25 pounds frequently limited by her obesity and weakness of her left ankle"; and "occasionally" perform postural activities." AR at 681. He further opined Plaintiff "should avoid scaffolding, steep ladders, steep incline planes, operating heavy equipment, working overhead, navigating obstacles in her pathway should all be avoided … due to her obesity and the weakness of her left leg." *Id*. The ALJ gave "some weight" to Dr. Gaffield's opinion, finding Dr. Gaffield's exertional limitations well-supported and assigning "little weight" to the "remaining limitations." *Id*. at 25 The ALJ

---

[1] Because Plaintiff applied for benefits before March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

ORDER - 3

broadly rejected Dr. Gaffield's "remaining limitations" as "poorly supported and inconsistent with the record as a whole." *Id.*

The ALJ first found "the overhead reaching restriction is not supportable because [1] the claimant demonstrated 5/5 extremity strength" and "[2] the claimant did not report any problems with reaching." AR at 25 (numbering added). As to the first reason, Plaintiff contends the ALJ erred by "substitut[ing] his own judgment in place of a doctor's opinion." (Dkt. # 22 at 4.) Assuming without deciding the ALJ improperly acted as a medical expert, *see Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975), the ALJ's second reason is a valid ground on which to discount the doctor's opinion. *See Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001) (noting that a claimant had never claimed to have problems with many of the conditions and activities the physician instructed her to avoid). Plaintiff concedes she "did not necessarily complain about issues with reach[.]" (Dkt. # 24 at 3.) The ALJ accordingly did not err by discounting Dr. Gaffield's opinion on this ground.

The ALJ next discounted Dr. Gaffield's opinion as inconsistent with "his essentially normal musculoskeletal examination," noting "the claimant ambulated without effort, arose from chairs without effort, and hopped, squatted, and walked on her heels without difficulty despite her obesity." AR at 25. Plaintiff contends the ALJ erroneously interpreted the examination findings. (*See* Dkt. # 22 at 4.) Assuming without deciding the ALJ improperly acted as a medical expert, the ALJ still validly discounted Dr. Gaffield's opinion as inconsistent with Plaintiff's demonstrated functioning on examination. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (ALJ appropriately considers internal inconsistencies within a physician's report). The ALJ accordingly did not err by discounting Dr. Gaffield's opinion on this ground.

Finally, the ALJ discounted Dr. Gaffield's opinion as inconsistent with the "very little treatment" Plaintiff received "for her left lower extremity during the period at issue." AR at 25. This is a valid ground on which to discount the doctor's opinion. *See Flaten v. Sec. of Health & Human Servs.*, 44 F.3d 1453, 1464 (9th Cir. 1995) (in assessing medical opinions an ALJ may properly consider the level or frequency of treatment for allegedly disabling conditions over the course of a claimant's history of medical care). The ALJ accordingly did not err by discounting Dr. Gaffield's opinion on this ground.

## V.   CONCLUSION

For the foregoing reasons, the Commissioner's final decision is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 23rd day of July, 2021.

_____
MICHELLE L. PETERSON
United States Magistrate Judge